UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN NEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:24-cv-07372 |
| | ) | |
| v. | ) | |
| | ) | |
| PERDOCEO EDUCATION | ) | |
| CORPORATION d/b/a CAREER | ) | |
| EDUCATION CORPORATION, | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | | |

## COMPLAINT

**NOW COMES** Plaintiff, Dawn Newell ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Perdoceo Education Corporation d/b/a Career Education Corporation ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Dawn Newell, resides in DuPage County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Perdoceo Education Corporation d/b/a Career Education Corporation, is a corporation doing business in and for Cook County whose address is 1750 E Golf Road STE 350, Schaumburg, Illinois 60173-5041.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff was hired by Defendant as Senior Admissions Advisor on or around

February 2020 until March 14, 2024.

12. Plaintiff's essential job duties included but were not limited to assisting students in signing up for college.

13. Plaintiff has a physical/mental impairment that substantially limits major life activities.

14. Plaintiff is a "qualified individual" as defined under the ADA.

15. Regardless of Plaintiff's disability, Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

16. Around the fall of 2023, Plaintiff was the victim of a car accident.

17. As part of Plaintiff's treatment, Plaintiff underwent an MRI scan and physical therapy.

18. In or around December 2023, by way of the aforementioned MRI scan, Plaintiff's doctor discovered that she had Multiple Sclerosis.

19. Plaintiff told her then-Supervisor (Sally Eckert) about her diagnosis.

20. Shortly thereafter, Plaintiff was assigned to a different Supervisor (Judith Walker), and Plaintiff informed her about Plaintiff's diagnosis as well.

21. In or around January 2024, once Plaintiff's Defendant-provided health benefits reset for the year, Plaintiff began scheduling and attending doctor's appointments relating to her Multiple Sclerosis diagnosis.

22. In or around late January 2024, Plaintiff attended an appointment with a neurologist.

23. In or around late February 2024, Plaintiff attended another appointment with that

neurologist. The neurologist informed Plaintiff that she needed a higher-quality MRI scan.

24. This scan was scheduled for March 22, 2024.

25. Plaintiff's Supervisor, Judith Walker, was aware of both of these appointments, and the fact that Plaintiff had several other appointments coming up, which would require expensive scans and treatments (to be charged to Defendant's insurance plan).

26. On or around March 14, 2024, Defendant released the "Advisor Leaderboard."

27. Consistent with Plaintiff's record as a top performer on her team, Plaintiff was listed on the Leaderboard.

28. Later that same day, Judith and another Director (Melissa Garcia) called Plaintiff into a meeting and told Plaintiff that she was being terminated due to a performance issue.

29. Specifically, they stated that Plaintiff had been "hanging up the phone on multiple people."

30. Plaintiff had no idea what they were referring to as Plaintiff have never hung up on anyone.

31. Plaintiff asked to hear the calls they were referring to, and they refused.

32. Judith then stated, "your insurance benefits will be discontinued as of tomorrow, March 15."

33. Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request to attend doctor's appointments.

34. In summation, Plaintiff's performance had always been satisfactory, and Plaintiff did not engage in the conduct for which she was purportedly fired.

35. Plaintiff's termination came just weeks after Plaintiff informed Defendant of her

Multiple Sclerosis diagnosis and began seeking treatment for the same using Defendant's insurance plan.

36. Ultimately, on or about March 14, 2024, Plaintiff was terminated on the basis of Plaintiff's disability and engaging in protected activity as described above.

37. The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

38. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

39. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

40. Plaintiff met or exceeded performance expectations.

41. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

42. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

43. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

44. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

45. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

46. As a direct and proximate result of the discrimination described above, Plaintiff

has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

47. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

48. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

49. Plaintiff is a qualified individual with a disability.

50. Defendant was aware of the disability and the need for accommodations.

51. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

52. Plaintiff's reasonable accommodation that was requested was not an undue burden on the Defendant.

53. Defendant did not accommodate Plaintiff's disability.

54. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

55. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

56. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Americans with Disabilities Act
### (Disability-Based Harassment)

57. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

58. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq

59. Defendant knew or should have known of the harassment.

60. The disability-based harassment was severe or pervasive.

61. The disability-based harassment was offensive subjectively and objectively.

62. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

63. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

64. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Violation of Americans with Disabilities Act
### (Retaliation)

65. Plaintiff repeats and re-alleges paragraphs 1-37 as if fully stated herein.

66. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

67. During Plaintiff's employment with Defendant, Plaintiff used accommodations to attend doctor's appointments in relation to her disability.

68. As such, Plaintiff engaged in protected conduct and was protected against unlawful

retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

69. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting and using accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

70. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

71. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

72. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

      a. Back pay with interest;

      b. Payment of interest on all back pay recoverable;

      c. Front pay;

      d. Loss of benefits;

      e. Compensatory and punitive damages;

      f. Reasonable attorneys' fees and costs;

      g. Award pre-judgment interest if applicable; and

      h. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

August 16, 2024.

/s/ *Alexander J. Taylor*
**ALEXANDER J. TAYLOR, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-1942
Fax (630) 575 - 8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*